## SUGG v. HENDRIX.

No. 10938.

Circuit Court of Appeals, Fifth Circuit.

May 9, 1944.

Ross R. Barnett, of Jackson, Miss., for appellant.

Edward C. Brewer, of Clarksdale, Miss., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

This is a suit for personal injuries in which the process was quashed in the Court below on the ground that the statute under which the process was had (Chapter 246, Laws of Mississippi, Acts of 1940) was unconstitutional. The statute [1] is very similar, in form and substance, to those well-known state statutes which authorize service of process upon a state official as the agent of the operator of a motor vehicle on the public highway in cases where a cause of action arose out of such operation. The Plaintiff, a citizen of Mississippi, alleged that the Defendant, a citizen of Louisiana, was engaged in levee construction work of large proportions in the State of Mississippi, and that in the prosecution of such work many men and much machinery were employed and utilized by the Defendant, and that the Plaintiff's injuries and cause of action arose out of the doing of the construction work in the State of Mississippi.

The process on the Defendant was under the aforementioned statute, which the Defendant, appearing specially, moved to quash, asserting that the statute was unconstitutional in that a state could not provide for other than personal service of process upon a non-resident individual so as to subject him to a money judgment merely because such individual non-resident was doing business in the state. He insists that the statute denies non-resident individuals: (a) Due process of law; (b) the equal protection of the law; and (c) the same privileges and immunities as are allowed resident citizens. The Court below was of the opinion that Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250, was decisive and the process was quashed on the strength of the holding in that case.

The statute requires the mailing by registered mail, postage prepaid, of a true

---

[1] "That all civil actions for the recovery of damages brought against a non-resident of the state of Mississippi may be commenced in the county in which the action accrued. Service of process may be had in any county of the state where the defendant, or any of them, may be found.

"Any non-resident, person, firm, partnership, general or limited, or any corporation not qualified under the constitution and laws of this state as to doing business herein, who shall do any business or perform any character of work or service in this state, shall, by the doing of such business or the performing of such work or services, be deemed to have appointed the secretary of state, or his successor, or successors in office, to be the true and lawful attorney or agent of such non-resident, upon whom process may be served in any action, accrued or accruing from the doing of such business or the performing of such work or service, or as an incident thereto by any such non-resident, or his, their or its agent, servant or employee."

copy of the summons that was served upon the Secretary of State to the non-resident defendant, and also requires the filing of an affidavit of such mailing, together with the registry receipt of the notice, in the record of the case. It also provides that the Court shall order such continuances as may be necessary to afford the non-resident a reasonable opportunity to defend the action, and no action shall be deemed triable until after thirty days from the date of the service of process on the Secretary of State. It also requires the Secretary of State to keep a record of all process served upon him, showing the hour, the date, and the manner of service. The Act does not apply to corporations which have designated an agent or have an agent, or agents, residing in the State upon whom process may be served.

■ No case has been noted dealing with a statute exactly like the one here involved. The nearest approach to such a statute is found in those statutes which provide for service through the Secretary of State, or other state official, upon a non-resident in cases arising out of the operation of a motor vehicle on the highway. Such statutes have been generally upheld. Kane v. New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. The right of the state to require a non-resident motorist to accept the Secretary of State as his agent for the service of process in cases arising out of the operation of an automobile on the highway was bottomed upon the power of the state in the public interest to make and enforce regulations that are designed to promote safety on the highways and to enforce care on the part of both residents and non-residents in their use of the highways. Hess v. Pawloski, supra. The Hess case, however, recognized the fact that the process of one state cannot run into another and summon a party there domiciled in an action in personam under the rule announced in Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565, since the rendition of which it has been the law that there must be actual service upon a defendant within the state where sued, or upon someone authorized to be served in his behalf, before a personal judgment can be rendered against him. The Court, in the Hess case, also considered the case of Flexner v. Farson, supra, wherein it was held that the mere transaction of business in a state by a non-resident natural person does not imply consent to be bound by the process of its courts. Nevertheless, the Supreme Court, in the Hess case, eight years after Flexner v. Farson, upheld the right of the State of Massachusetts to require a non-resident motorist to accept the Secretary of State as his agent for the service of process in a case arising out of the use of the highways. The inadequacy of the doctrine in Flexner v. Farson to cope with the increasing problem of practical responsibility for hazardous business conducted in absentia is apparent, and the trend is in the other direction.

"These cases and others indicate a general trend of authority toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think should apply here." Wuchter v. Pizzutti, 276 U.S. 13, text 24, 48 S.Ct. 259, 262, 72 L.Ed. 446, 57 A.L.R. 1230.

The Massachusetts statute was upheld in the Hess case on the theory that the state had the right to make regulations for the promotion of safety on its highways. It is significant to note, also, that the Secretary of State was a limited, or restricted agent of the motorist and could only accept service of process in cases arising out of the use of the highway. The service would have been insufficient to have given the Court jurisdiction of a non-resident motorist in a suit on a promissory note, for instance.

■ The right to make regulations for the safety of persons using the highway is by no means an exercise of the full extent of the power of a state to legislate for the safety and security of those within its confines. For example, employees engaged in hazardous or semi-hazardous occupations are included in the class of persons for whose safety and welfare states have manifested a generous interest, as evidenced by workmen's compensation laws, employers' liability laws, and laws modifying, or abolishing, such common law defenses as the fellow servant rule, assumption of risk, contributory negligence, and the like. The complaint here alleges that the Defendant was engaged in large construction of dirt banks, excavations, and levees, and in such work employed "a large number of agents,

servants and employees whose business it was to drive and operate trucks, tractors, caterpillars, steam shovels, drag lines and other large, heavy and cumbersome equipment used and engaged by the said defendant in the excavation, removing and handling of large quantities of dirt. That the aforesaid large, heavy and cumbersome equipment was run and operated by means of gasoline engines, etc." The Court can take judicial knowledge of the fact that operations of the character carried on by the Defendant are not without hazard and danger to employees engaged in such work. It would no doubt be within the power of the Legislature to have required employers, resident and otherwise, to carry workmen's compensation insurance for the protection of their employees who are injured and disabled in such service, and there seems to be no logical reason why it might not likewise require the employer to comply with reasonable provisions of law subjecting him to the jurisdiction of the Court in a cause of action based on injuries arising in the course of his business. It is not necessary to provide for process by substituted service on a resident because he is already amenable to personal service. The Act places the non-resident in the same status as the resident and, therefore, does not confer upon the resident any privileges and immunities in this respect that are not allowed a non-resident. It must be noted that the process is good only to confer jurisdiction in tort actions which arise out of the business being done within the state and does not empower the acquisition of jurisdiction in any other type of case.

We are not called on to determine the validity of the statute when applied to suits arising out of a business which the state had no occasion, nor power, to regulate, but it seems clear that the state had the power to enact the statute in question for the safety and protection of persons receiving injury in and about the work of employers-in-absentia, particularly when the nature of the work is fraught with danger to those required to be in and about it, as alleged in the present case.

■ Statutes have been upheld requiring non-resident individuals to have an agent for the service of process when such individuals were engaged in the business of selling securities to citizens of the enacting state, as in Henry L. Doherty & Co. v. Goodman, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097, and it seems that the power of the state to confer jurisdiction in the courts over the persons of individual non-residents by such substituted service depends entirely upon whether or not such enabling statute is a reasonable exercise of the police power of the state in the regulation of the business that is being conducted in the state by such non-resident individual defendants. If the regulation be one for the protection of the health, safety, and welfare of those within its borders, rather than a mere attempt to extend the jurisdiction of its courts over citizens beyond its borders, the state is not without power to legislate to that end. The statute must, if fairly possible, be so construed as to be constitutional. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598.

■ The statute in question takes due precaution to insure the defendant of the receipt of the notice and of a reasonable opportunity to appear and to defend the case. Since the Act does this, and since it makes the non-resident who does business in the state through managers, superintendents, and foremen, or in absentia, subject to process only in actions for damages arising out of such business in the same manner as a resident, we are of the view that it does not deny the Defendant the equal protection of the law, due process of the law, nor deny to him any privileges and immunities that are afforded to a resident of the state. It does not burden interstate commerce because the Defendant was not engaged in interstate commerce. The thought is not shocking that one who comes into a state for the purpose of conducting his business in that state should be made amenable to the courts and laws of the state and answerable to its citizens for damages sustained by them which were the result of the business transacted in the state.

The motion to quash the process should have been overruled, and for the failure of the Court so to do its judgment is reversed.