C.H. Leavell Company and Peter Kiewit Sons' Company, both non-resident corporations, sued J.V. Doster, an individual doing business as Central Gulf Construction Company, in the Circuit Court of Hinds County to recover damages alleged to have arisen out of a contract between the plaintiffs and the defendant. Defendant filed a motion to dismiss the case for want of jurisdiction and this motion was sustained and final judgment entered dismissing the case. From this judgment plaintiffs appeal.
The question involves a construction of Mississippi Code 1942 Annotated, section 1437 (Supp. 1966), the so-called "long arm" statute.
The corporate plaintiffs are both non-residents of Mississippi and both have qualified to do business in this state. The individual defendant, Doster, is a non-resident of the State of Mississippi and a resident of the State of Texas. The declaration alleges that the corporate plaintiffs, as joint venturers, were prime contractors in a construction contract at the NASA Test *Page 814 
Facility near Bay St. Louis, Mississippi, and entered into a contract with the defendant, Doster, to perform a part of the work called for under the prime contract; that, in the performance of said contract the defendant, Doster, was doing business in the State of Mississippi and that the contract between the corporate plaintiffs and the defendant, Doster, was to be performed entirely within the State of Mississippi. It is not necessary to refer in further detail to the declaration except to state that the suit was based upon matters which arose out of the performance of the aforementioned contract.
The trial judge, in sustaining the motion to dismiss the suit for want of jurisdiction, held that defendant Doster was not subject to a suit in Mississippi by the corporate plaintiffs within the meaning of Section 1437. Section 1437 is in part as follows:
 (a) Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this State as to doing business herein, who shall make a contract with a resident of this State to be performed in whole or in part by any party, in this State, or who shall commit a tort in whole or in part in this State against a resident of this State, or who shall do any business or perform any character of work or service in this State shall, by such act or acts, be deemed to be doing business in Mississippi.
Subsequent provisions of the statute provide that the acts described in the first sentence of subsection (a) shall be deemed equivalent to the appointment of the Secretary of State of the State of Mississippi as the agent of such nonresident for the service of process in any action or proceedings accruing from such acts or arising from or growing out of such contract or tort.
The first sentence of subsection (a) of section 1437 provides for three categories of nonresident persons, firms, partnerships or foreign corporations not qualified to do business in Mississippi who are reached by the terms of the statute and subjected to suit in this state. They are: (1) any nonresident person, etc., who shall make a contract with a resident of this state to be performed in whole or in part by any party, in this state; (2) any nonresident person, etc., who shall commit a tort in whole or in part in this state against a resident of this state; and (3) any nonresident person, etc., who shall do any business or perform any character of work or service in this state.
The first question is whether a foreign corporation who has qualified to do business in this state is a resident within the meaning of category (1) so that such party may bring a suit under the terms of this statute. We are of the opinion that it is. A foreign corporation qualified to do business in this state may not be sued under the terms of section 1437 because a foreign corporation, to be reached by the statute, must not be one qualified as doing business in this state. Mississippi Code 1942 Annotated section 5309-222 (Supp. 1966) provides that a foreign corporation qualified to do business in this state shall, until qualification is revoked or withdrawn as provided in the Act, enjoy the same, but no greater, rights and privileges as a domestic corporation. Moreover, a foreign corporation qualified to do business under the corporate laws of this state should have the same privileges and advantages of invoking the aid of the courts of this state under section 1437 as resident corporations if they are to have equal protection of the laws. Cf. Sandford v. Dixie Construction Company, 157 Miss. 626, 128 So. 887 (1930). We are therefore of the opinion that the nonresident plaintiffs in the present case are residents within the meaning of category (1) under the first sentence of section 1437 mentioned above. State ex rel. Northwestern Mutual Fire Ass'n v. Cook, 349 Mo. 225,160 S.W.2d 687 (1942). *Page 815 
The defendant in this case is also subject to the jurisdiction of the courts of Mississippi under category (3) of the first sentence of section 1437. Any nonresident is subject to suit in this state who shall do any business or perform any character of work or service in this state if the action or proceeding accrues from acts done in this state.
We are, therefore, of the opinion that the trial court erred in dismissing the suit. The case is reversed and remanded for trial on the merits.
Reversed and remanded.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.