**AMERICAN INTERNATIONAL PICTURES, INC., et al., Plaintiffs,**

**v.**

**J. R. MORGAN, Individually, d/b/a under the name and style of Tyson Theatres, Defendant.**

**No. DC 73–76–K.**

United States District Court,
N. D. Mississippi,
Delta Division.

Jan. 10, 1974.

Elzy J. Smith, Clarksdale, Miss., Jack W. Brand and Frank T. Moore, Jr., Jackson, Miss., Sargoy, Stein & Hanft, New York City, for plaintiffs.

D. Briggs Smith, Jr., Batesville, Miss., for defendant.

## MEMORANDUM OPINION

KEADY, Chief Judge.

In this diversity case, American International Pictures, Inc., a California corporation, and nine other foreign corporations listed as plaintiffs, sue J. R. Morgan, a resident citizen of Fort Lauderdale, Florida, in this federal district court of Mississippi for an accounting and damages in excess of $10,000. Plaintiff, alleging that the de-fendant was doing business in Mississippi by operating six motion picture threatres under the name of Tyson Theatres, sought to obtain process upon Morgan by serving summons upon Mississippi's Secretary of State under the state's long-arm statute, Miss.Code § 13–3–57 (1972) (§ 1437 of the 1942 Code).[1] The defendant filed a Rule 12(b) motion to dismiss the action for lack of jurisdiction over the person, insufficiency of process and improper venue.

The essential facts, as taken from the pleadings and evidentiary materials on file, are as follows:

Plaintiff corporations are not qualified to do business in Mississippi; in fact, they have done no local business within the state; their Mississippi related activities are limited to using instrumentalities of interstate commerce to license the exhibition of motion pictures produced by each of them in all of the states of the union. The defendant operates several theatres in Mississippi which exhibit motion pictures licensed for exhibition by plaintiffs and for which defendant has agreed to pay certain charges or fees based, at least in part, upon the gross receipts derived from admissions. Plaintiffs claim that the defendant from November 1, 1967, until the filing of the action, has engaged in a scheme to defraud plaintiffs by regularly submitting to them false and inaccurate statements of gross receipts derived from motion picture exhibitions at defendant's theatres. Plaintiffs invoke provisions of the license

---

1. § 13–3–57. Service when defendant is nonresident doing business in state—appointment of secretary of state as agent.

"Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident of this state, or *who shall do any business or perform any character of work or service in this state,* shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such contract or tort, or as an incident thereto, by any such nonresident or his, their, or its agent, servant or employee." (Emphasis added).

agreements, which purportedly give them the right to audit defendant's books and records, and they assert that the defendant refused to permit such an inspection. The license agreements have not been disclosed to the court; however, they were not executed in Mississippi, but elsewhere; all payments by defendant to plaintiffs have been made from Florida by checks drawn on bank accounts of the theatres maintained at Clarksdale, Mississippi. The films, which are booked by a Memphis agency, are delivered to the theatres each day by a carrier known as Film Transit Company; and defendant's employees deposit the admission receipts in a local bank and forward to defendant in Florida evidence of such deposits. Withdrawals are made only on defendant's order. When forwarding remittances to plaintiffs, defendant makes all reports to them from his business office in Florida.

The defendant readily concedes that he is doing business in Mississippi and would be subject to suit in this jurisdiction by residents as to a cause of action arising out of his local activity, but he asserts that the state's long-arm statute may not be invoked by a nonresident corporation which is not qualified to do business in Mississippi even though it does not in fact engage illegally in any local business.[2] Plaintiffs' position is that the defendant's doing business within the state is decisive of the jurisdictional issue, so that the benefits of proceeding under the long-arm statute are available to a nonresident plaintiff no less than to a resident plaintiff, providing the nonresident plaintiff is not otherwise barred from access to the courts of the state. The legal question is narrowly drawn in the case sub judice since the plaintiff corporations, although not qualified to transact business in Mississippi, are not illegally engaging in

any business in the state and are not statutorily barred from suing in the courts of the state; and the defendant, because of his regular and systematic activity in operating the theatres, is doing business in Mississippi as defined by the state's judicial decisions.[3]

■ Rule 4(f), F.R.Civ.P., provides, of course, that summons in a civil action is to be had upon a defendant not an inhabitant or found within the state in the manner prescribed by state law. Thus, Mississippi law is here controlling. Since we conclude that the motion to dismiss should be sustained on the ground of lack of personal jurisdiction of the defendant, we do not reach the issues of insufficiency of process and improper venue also raised by the motion.

■ It is well settled by the Mississippi Supreme Court, which is the arbiter of the statute under consideration, that the long-arm statute provides for three categories of nonresidents which are subject to its reach: (1) a nonresident who shall make a contract with a resident to be performed in whole or in part in Mississippi; (2) a nonresident who shall commit a tort in whole or in part in the state against a resident of the state; and (3) a nonresident who shall do only business or perform any character of work or service in the state. C. H. Leavell & Co. v. Doster, 211 So.2d 813 (Miss.1968); Smith v. Temco, Inc., supra. In *Doster*, two plaintiffs, which were foreign corporations qualified to do business in Mississippi, were allowed to maintain an action under § 1437 against a nonresident individual defendant who had made a contract to be performed in Mississippi and who was also admittedly doing business within the state. The state Supreme Court ruled that a foreign corporation which was qualified to transact business in the state should have the same privileges and advantages of invoking the aid of

2. Miss.Code § 79–3–247 (1972) bars a foreign corporation transacting business in the state without a certificate of authority from maintaining any action in the courts of the state.

3. Davis-Wood Lbr. Co. v. Ladner, 210 Miss. 863, 50 So.2d 615 (1951); Mladinich v. Kohn, 250 Miss. 138, 164 So.2d 785 (1964). See cases collated in Smith v. Temco, Inc., 252 So.2d 212, 215 (Miss.1971).

state courts as residents or domestic corporations, and thus concluded that the plaintiffs in that case were "residents within the meaning of category (1) under the first sentence of section 1437 mentioned above." Because of this portion of the holding in *Doster*, plaintiffs in the present case acknowledge that, not having qualified to transact business in Mississippi, they cannot be deemed "residents" under the first or second of the stated categories, but assert that they nevertheless have the right to sue Morgan under the third stated category. In support of this argument, they rely upon the following paragraph taken from the *Doster* opinion authored by Presiding (now Chief) Justice Gillespie, as follows:

> "The defendant in this case is also subject to the jurisdiction of the courts of Mississippi under category (3) of the first sentence of section 1437. Any nonresident is subject to suit in this state who shall do any business or perform any character of work or service in this state if the action or proceeding accrues from acts done in this state." 211 So.2d at 815.

■■ Plaintiffs construe the foregoing to mean that not only residents but all foreign corporations not specifically barred from using the courts of the state may invoke the long-arm statute as plaintiffs whenever the action accrues from any business, work or service performed by a nonresident defendant within the state. Under this construction, the scope of the third category would be greatly expanded beyond that of the first two classes which are expressly limited to resident plaintiffs. We believe that plaintiffs' interpretation of *Doster* is an incorrect one, that it takes the Court's language out of context and causes it to be considered wholly apart from the status of the *Doster* plaintiffs. Indeed, *Doster* has been considered as authority for the proposition that only residents may utilize the long-arm statute.[4]

The construction which plaintiff would place upon the statute's third category ignores not only the history of the legislation but the early interpretations given it by the state and federal courts. It is to be noted that the so-called third category was the sole jurisdictional basis for the statute's operation from the time of its original passage as Chapter 246 of the Laws of 1940 until 1964 when the first and second categories were added by amendment. The statute received its first interpretation by the state Supreme Court in Lee v. Memphis Publishing Co., 195 Miss. 264, 14 So.2d 351 (1943). In that case Justice Roberds, dissenting, declared:

> "The object of Chapter 246 is to enable residents of this State to assert in court such rights as they may have resulting from activities in this State of foreign corporations."

The constitutionality of former § 1437, when attacked in Sugg v. Hendrix, 142 F.2d 740 (1944), was upheld by the Fifth Circuit as a regulation within the state's police power "for the protection of the health, safety, and welfare of those within its borders, rather than a mere attempt to extend the jurisdiction of its courts over citizens beyond its borders. . . . The thought is not shocking that one who comes into a state for the purpose of conducting his business in that state should be made amenable to the courts and laws of the state and answerable to its citizens for damages sustained by them which were the result of the business transacted in the state." 142 F.2d at 743.

The Supreme Court of Mississippi in Condon v. Snipes, 205 Miss. 306, 38 So. 2d 752 (1949), adopted the Fifth Circuit's reasoning in *Sugg* to sustain in personam jurisdiction under § 1437 as to a defendant who, although a resident when the contract sued on was made, had become a nonresident at the time suit was filed. Accord, Davis v. Nugent, 90 F.Supp. 522 (S.D.Miss.1950).

---

4. See Note "In Personam Jurisdiction under Mississippi's long-arm statute", 43 Miss.Law Journal 12.

In Davis-Wood Lbr. Co. v. Ladner, supra, the court recognized that a less strict interpretation of the phrase "doing business" should be applied where there is an issue of whether a state court has jurisdiction (§ 13–3–57), than where the statute involved (§ 79–3–247) is one providing that a corporation must qualify before doing business in order to have access to the courts of the state. Commissioner (later Chief Justice) Ethridge observed:

"This distinction is proper because a strict interpretation in favor of the corporation on a jurisdictional issue would in many cases force the *citizens of the state* to resort to another jurisdiction in order to maintain suits against foreign corporations as to matters arising out of transactions within the state." 50 So.2d at 621 (Emphasis added).

In Ryan v. Glenn, 52 F.R.D 185 (N. D.Miss.1971), a single contract case, this court held that Mississippi's long-arm statute was available only to plaintiffs who reside in the state.

We are thus of the view that by the enactment of the state's long-arm statute, as consistently construed by prior cases, the state legislature intended to afford a remedy only to residents who might have claims or grounds of action against nonresidents from activity done within the state, thus obviating the necessity for its citizens to resort to a foreign jurisdiction for enforcement of their rights. When taken in its entirety, the long-arm statute was clearly enacted for the benefit of residents only, and the legislation has not been expanded through the process of judicial interpretation to include nonresident plaintiffs not qualified to do business within the state. Contrary to plaintiffs' assertions, we perceive no defect under federal constitutional standards for limiting a long-arm statute to resident plaintiffs since a state is not obliged to make its courts available to nonresidents, who themselves are not doing business in the state, to sue other nonresidents. We readily acknowledge that the classifica-

tion of persons or corporations for legislative purposes must be based on some reasonable ground or difference bearing a proper and just relation to the object sought to be accomplished. Here, the object sought to be accomplished is the protection of the rights of Mississippi residents, as first proclaimed in Lee v. Memphis Publishing Company; and this classification is in no way discriminatory. Sugg v. Hendrix, supra.

Let an order be entered sustaining defendant's motion to dismiss for lack of jurisdiction.