**F. L. CRANE COMPANY and Tri-State Lumber Company, Inc., Plaintiffs,**

v.

**CESSNA AIRCRAFT COMPANY, Defendant and Third-Party Plaintiff,**

v.

**ASSOCIATED AIR CENTER, INC., Third-Party Defendant.**

No. EC 76–8–S.

United States District Court,
N. D. Mississippi, E. D.

Dec. 29, 1976.

---

L. F. Sams, Jr., Mitchell, McNutt, Bush, Lagrone & Sams, Tupelo, Miss., for plaintiff.

Thomas C. Gerity, Watkins & Eager, Jackson, Miss., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiffs, F. L. Crane Company and Tri-State Lumber Company, Inc., (Plaintiffs), brought this action on January 13, 1976, against Cessna Aircraft Company (Cessna) to recover damages allegedly sustained when their Cessna 310K aircraft crashed on February 15, 1972, on take off at the Tupelo, Mississippi airport. The aircraft was manufactured and placed in the stream of commerce by Cessna at a point in time prior to its purchase by plaintiffs on or about June 24, 1971.

Plaintiffs allege in the complaint that they are entitled to recover the loss occasioned by the crash because Cessna manufactured the aircraft in an unreasonably defective condition which proximately caused the crash. Plaintiffs also alleged negligence on the part of Cessna in the design of the aircraft and negligence occasioned by Cessna's failure to warn potential users of the known defects.

Cessna answered the complaint denying the material allegations of defective manufacture, negligent design and failure to warn, and affirmatively plead that the crash was caused solely by reason of repairs and replacements made to the aircraft by others subsequent to its manufacture.

Cessna filed a third-party complaint against Associated Air Center, Inc. (Associated) seeking judgment against Associated for all or part of any amount which might be adjudicated against Cessna in favor of plaintiffs. Cessna based its right to seek indemnification from Associated on the assertion that after the manufacture of the aircraft Associated negligently performed major alterations and repairs to the propellers. Cessna alleged that the alterations and repairs by Associated were performed on or about December 2, 1971.

Plaintiffs are Mississippi citizens. Cessna is a citizen of Kansas and Associated is a Texas citizen. Personal service of process was obtained on Cessna by virtue of the Mississippi Long-arm statute, Miss Code Ann. § 13–3–57 (1972), under the theory that Cessna had committed

"a tort in whole or in part in [Mississippi] against a resident of [Mississippi]."

Cessna does not question the legality of the service upon it as party defendant to the original complaint. A long line of cases support this manner of service, *Alford v. Whitsel,* 322 F.Supp. 358 (ND Miss., 1971); *Breedlove v. Beech Aircraft Corp.,* 334 F.Supp. 1361 (ND Miss., 1971); *Smith v. Temco, Inc.,* 252 So.2d 212 (Miss., 1971); and *Dawkins v. White Products Corp.,* 443 F.2d 589 (5th Cir. 1971).

Cessna obtained service of process on the third-party complaint by use of the above-mentioned statute on the theory that the negligent manner in which Associated performed the alterations and repairs on the propellers of the aircraft constituted a tort, and, the injury having been inflicted upon Mississippi residents in Mississippi, Associated is amenable to service of process pursuant to the statute.

Associated has filed a Rule 12(b)(2)[1] motion to dismiss the third-party complaint contending that it is not amenable to personal service of process pursuant to the

1. Fed.R.Civ.P. 12(b)(2)

statute. Associated moves to dismiss on the further ground that it is not responsible for the manner in which the adjustments and repairs were made to the propellers because the work was done by yet another Texas corporation, Cooper's Accessory and Propeller Service (Cooper's). Associated also questions the venue.

Because the court has concluded that Cessna may not invoke the statute to subject Associated to the in personam jurisdiction of the court in this case, it is not necessary that the other or alternate grounds for dismissal be considered.

Cessna does not do business in Mississippi and has not qualified with the proper state officials to transact business in the state.

The Federal Rules of Civil Procedure contemplate the service of a summons and complaint upon a third-party defendant. Fed.R.Civ.P. 14(a). The service is made in all respects as on an original complaint.

Where, as in this case, the third-party defendant is not an inhabitant of the state nor to be found therein, the state process procedure is to be used. Fed.R.Civ.P. 4(e); 4 C. Wright & A. Miller, Federal Practice and Procedure, § 1112 (1969).

Cessna does not quarrel with this legal premise; but contends that the peculiar facts of this case justify bringing Associated into the case as a third-party defendant by use of the long-arm statute. The only question is whether the third-party plaintiff, Cessna, a foreign or nonresident corporation, may invoke the statute against Associated.

In this diversity action the court is Erie bound[2] in the solution of the controversy. The statute expressly provides that it applies to a nonresident "who shall commit a tort in whole or in part in this state [Mississippi] against *a resident of this state.*" [emphasis supplied] Thus by the very terms of the statute its protection is available only to residents of this state. The Mississippi Supreme Court in *C.H. Leavell & Company v. Doster,* 211 So.2d 813 (Miss. 1968) held that a foreign or nonresident

corporation which had qualified to do business in Mississippi under the corporate laws of the state had the same rights, privileges and advantages as resident corporations under the long-arm statute of Mississippi; that such a corporation qualified as "a resident" within the meaning and intent of the statute.

Chief Judge Keady of this court has held in three cases that nonresident plaintiffs may not invoke the benefits of the statute. *Ryan v. Glenn,* 52 F.R.D. 185, 188 (ND Miss., 1971); *American International Pictures, Inc. v. Morgan* 371 F.Supp. 528, 532 (ND Miss., 1974); *McAlpin v. James McKoane Enterprises, Inc.,* 395 F.Supp. 937, 941 (ND Miss., 1975).

Cessna admits the force and impact of these judicial precedents but contends that to enforce the rule in the action sub judice will deprive Cessna of the valuable rights which it enjoys pursuant to the Federal Rules of Civil Procedure to seek indemnity in the action sub judice against the real party responsible for plaintiffs' loss, and to have the rights of all interested parties adjudicated in one action, thus saving the time and energy of all parties, including the Court.

In its supplement to the motion to dismiss, Associated contends that it has not committed any act of negligence wholly or in part which would justify and satisfy the criteria necessary to permit the long-arm statute to be invoked by Cessna. The motion is supported by affidavits indicating that the propeller in question was adjusted and repaired by Cooper's after the aircraft was flown to the shop of Associated in Dallas at the request of plaintiff's pilot, Mr. Bill Pipkin, Jr. It is unnecessary for the court to give consideration to such an issue as the court has determined that Cessna may not invoke the statute against Associated. The court mentions this fact, however, to indicate that should Cessna be permitted to bring in Associated as a third-party defendant Associated would in all probability file a fourth-party complaint against Cooper's, the second Texas corporation.

**2.** *Erie Railroad Company v. Thompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Cessna contends that the aircraft was not in a defective condition when it was placed in the stream of commerce and that the defect, if any, was caused by the negligent manner in which Associated repaired and adjusted the propeller on the aircraft. In order to sustain their case plaintiffs must prove that the aircraft was manufactured by Cessna in an unreasonably defective condition, or that it was negligently designed, and that notice thereof was not given. If the aircraft failed because of the negligent repairs or adjustments performed by Associated or Cooper's and not because of the defective manufacture or negligent design of the aircraft by Cessna, plaintiffs can recover nothing of Cessna. Their recourse would be against Associated and/or Cooper's.

Cessna relys principally upon the proposition that due process and traditional notions of fair play and substantial justice will not permit the court to deny Cessna the benefit of the statute in question where Cessna has been brought into the case as an unwilling defendant via the very statute which it seeks to invoke against Associated. Two courts have passed upon the constitutionality of the statute in question. In upholding the constitutionality of a predecessor statute of like import, Judge Waller, speaking for the Fifth Circuit in *Sugg v. Hendrix,* 142 F.2d 740, 743 (5th Cir. 1944) said

> If the regulation be one for the protection of the health, safety, and welfare *of those within its borders,* rather than a mere attempt to extend the jurisdiction of its courts over citizens beyond its borders, the state is not without power to legislate to that end. The statute must, if fairly possible, be so construed as to be constitutional. [emphasis supplied]

Chief Judge Keady of this court discussed the constitutionality of the statute under consideration here in *American International Pictures, Inc. v. Morgan, supra.* Judge Keady said

> When taken in its entirety, the long-arm statute was clearly enacted for the benefit of residents only, and the legislation has not been expanded through the process of judicial interpretation to include nonresident plaintiffs not qualified to do business within the state. Contrary to plaintiffs' assertions, we perceive no defect under federal constitutional standards for limiting a long-arm statute to resident plaintiffs since a state is not obliged to make its courts available to nonresidents, who themselves are not doing business in the state, to sue other nonresidents. We readily acknowledge that the classification of persons or corporations for legislative purposes must be based on some reasonable ground or difference bearing a proper and just relation to the object sought to be accomplished. Here, the object sought to be accomplished is the protection of the rights of Mississippi residents, as first proclaimed in *Lee v. Memphis Publishing Company* [195 Miss. 264, 14 So.2d 351]; and this classification is in no way discriminatory.

371 F.Supp. at 532.

The court finds that the Rule 12(b)(2) motion of Associated should be sustained and the third-party complaint dismissed for lack of jurisdiction over the person.

The appropriate order is being entered by the court.