Virgil Underwood THOMPSON, Plaintiff,

v.

**F. W. WOOLWORTH COMPANY et al., Defendants.**

No. DC 78–143–OS–P.

United States District Court,
N. D. Mississippi,
Delta Division.

Dec. 4, 1980.

See also, D.C., 508 F.Supp. 522.

Charles M. Merkel, Holcomb, Dunbar, Connell Merkel, Tollison & Khayat, Clarksdale, Miss., for plaintiff.

Claude L. Stuart, III, Campbell & De-Long, Greenville, Miss., for F. W. Woolworth Co.

Charles Tindall, III, Lake, Tindall, Hunger & Thackston, Greenville, Miss., for O. F. Mossberg & Sons.

William O. Luckett, Luckett, Luckett, Luckett & Thompson, Clarksdale, Miss., for E–Z Mount Corp.

MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on the motions to dismiss of defendants O. F. Mossberg & Sons (hereinafter referred to as "Mossberg") and E–Z Mount Corporation (hereinafter referred to as "E–Z Mount"). These defendants were brought into the case by the amended complaint filed August 18, 1980.

Plaintiff alleges in the amended complaint that he purchased a shotgun manufactured by Mossberg and a gun rack manufactured by E–Z Mount from a store operated by defendant F. W. Woolworth Co. (hereinafter referred to as "Woolworth"), located in Memphis, Tennessee; that the gun rack was installed in his mobile home and the gun placed therein; that as plaintiff was driving along Jackson Avenue in

Memphis, Tennessee, on December 3, 1974, the motor vehicle struck a pothole in the street, the gun was dislodged and fell to the floor; that when plaintiff stopped the vehicle and picked up the gun, the gun discharged and as a result he was seriously injured.

Plaintiff charges that defendants Woolworth, Mossberg and E–Z Mount, are liable to him for the injuries and damages he sustained.

The undisputed facts are that the gun was purchased by plaintiff, a resident of Tennessee, from defendant Woolworth, at one of its stores in Tennessee; that the gun discharged and wounded plaintiff in said state.

Defendants Mossberg and E–Z Mount are non-resident corporations of Mississippi. Neither of them has qualified to do business in the State. The summons and amended complaint were served on Mossberg and E–Z Mount through Mississippi's Secretary of State pursuant to the provisions of Mississippi's Long-Arm Statute, Miss.Code Ann. (1972), § 13–3–57.

Mossberg and E–Z Mount have filed separate motions to dismiss, contending that the service was not valid, for the reason, among others, that plaintiff, a Tennessee resident, can not invoke the aid of the statute, where the incident giving rise to the litigation occurred wholly within the State of Tennessee. Defendants cite, among other authorities, the following cases: *Washington v. Norton Mfg., Inc.*, 588 F.2d 441 (5th Cir. 1979); *Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d 716 (5th Cir. 1978); *McAlpin v. James McKoane Enterprises, Inc.*, 395 F.Supp. 937 (N.D.Miss.1975); *American International Pictures, Inc. v. Morgan*, 371 F.Supp. 528 (N.D.Miss.1974); *Holvitz v. Norfleet-Ashley, Inc.*, 369 F.Supp. 394 (N.D.Miss.1973); *F. L. Crane Company v. Cessna Aircraft Company*, 73 F.R.D. 384 (N.D.Miss.1976); and *Ryan v. Glenn*, 52 F.R.D. 185 (N.D.Miss.1971).

Responding to the motions of Mossberg and E–Z Mount, plaintiff seeks an order of the court granting a stay until he can complete discovery as to the business activities of Mossberg and E–Z Mount within Mississippi. Mossberg and E–Z Mount oppose the stay and the efforts of plaintiff to discover facts bearing upon that issue. If defendants should prevail in their contention that the long-arm statute cannot be invoked by plaintiff under the uncontradicted facts here shown to exist, it is immaterial that Mossberg and E–Z Mount, during the pertinent period, were "doing business", in Mississippi, within the purview of Section 13–3–57. These defendants would incur substantial expense in collecting the information necessary to answer plaintiff's interrogatories which have been served upon them since the filing of the motions to dismiss.

The court finds that justice requires that Mossberg and E–Z Mount should not be required to answer the interrogatories, nor respond to other discovery requests, by deposition or otherwise, on the "doing business" issue or any other issue here involved until the court has settled the question of whether the motions to dismiss are well taken on the ground that plaintiff, being a non-resident of Mississippi, cannot invoke the aid of Section 13–3–57 to obtain in personam jurisdiction over Mossberg and E–Z Mount.

Counsel are directed to two cases which the court feels warrants some discussion on the issue now presented for determination. These are: *Daniels v. McDonough Power Equipment, Inc.*, 430 F.Supp. 1203 (S.D. Miss.1977); and *Arrow Food Distributors, Inc. v. Love*, 361 So.2d 324 (Miss.1978).

The appropriate order is being entered by the court.