United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 03-60389
Summary Calendar

———————————

ST. PAUL FIRE & MARINE INSURANCE COMPANY; BECKMAN COULTER, INC.,

Plaintiffs-Appellants,

versus

PAW PAW'S CAMPER CITY, INC.,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Southern District of Mississippi

———————————

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:

Appellants St. Paul Fire & Marine Insurance Co. and Beckman Coulter, Inc., appeal the district court's grant of summary judgment in favor of appellee Paw-Paw's Camper City, Inc., arguing that the district court erred in its construction of Mississippi's borrowing statute. We agree, reverse the grant of summary judgment and remand for further proceedings.

In 1999 a Beckman Coulter employee began experiencing mechanical problems with the company van he was driving from New Jersey to New Orleans, and dropped the van off at Paw Paw's Camper

City in Hammond, Louisiana for repairs.  After the repairs the employee continued to drive the van toward New Orleans only to notice that, fifteen miles from appellee's facility, smoke began escaping from the hood.  A short while after the driver pulled into the emergency lane, the van became engulfed in flames and was destroyed, along with the medical electronic equipment it was carrying.

Almost two years later, St. Paul's, a Minnesota corporation, and Beckman Coulter, a Delaware corporation, filed suit in Mississippi federal court against Paw-Paw's, a Mississippi corporation, on the basis of diversity jurisdiction.  Paw-Paw's moved for summary judgment on the basis that Louisiana's one-year prescription period applied to bar the plaintiffs' suit.  St. Paul and Beckman Coulter responded that Mississippi's three-year statute of limitations was applicable.  The district court applied Louisiana's statute of limitations on the basis that Mississippi's borrowing statute precluded application of that state's statute of limitations.  The borrowing statute reads:

> When a cause of action has accrued outside of this state, and by the laws of the place outside this state where such cause of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state; *provided, however, that where such a cause of action has accrued in favor of a resident of this state, this state's law on the period of limitation shall apply.*[1]

---

[1] Miss. Code Ann. § 15-1-65 (2002) (emphasis added).

2

St. Paul's and Beckman Coulter contended that the borrowing statute did not prevent the court from applying Mississippi's statute of limitations because they were residents of Mississippi for purposes of the statute. Although admitting that neither was incorporated or had their principle place of business in Mississippi, they presented proof that St. Paul's had been authorized to do business in Mississippi since 1935, and Beckman Coulter since 1990.

The district court correctly framed the issue as whether "a foreign corporation, with a valid certificate of authority or license to do business in Mississippi, [is] a resident of Mississippi for the purpose of the borrowing statute." It noted that this issue was novel and required the court to interpret the statute. Applying Mississippi's rules of statutory construction, it concluded that the statute was unambiguous: It provided that only *residents* were permitted to take advantage of the Mississippi statute of limitations in cases such as the one at issue. Because the plaintiffs were not incorporated in Mississippi, did not have their principle place of business in Mississippi, and were not domestic corporations, the district court concluded that they could not be residents of the state under the plain terms of the statutory language.

On appeal, St. Paul's and Beckman Coulter urge, as they did in the district court, that we should look to the Mississippi Supreme

3

Court's interpretation of the state long-arm statute for guidance on the issue of residency. Like the borrowing statute, the long-arm statute distinguishes between residents and nonresidents, providing:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation *not qualified under the Constitution and laws of this state as to doing business herein*, who shall make a contract with *a resident of this state* to be performed in whole or in part by any party in this state ... shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.[2]

Relying on *C.H. Leavell & Co. v. Doster*,[3] appellants contend that foreign corporations qualified to do business in Mississippi are considered residents for purposes of invoking the long-arm statute against nonresident defendants. The plaintiffs in *Doster*, foreign corporations qualified to do business in Mississippi, filed suit against a nonresident defendant for breach of a contract which was to be performed in Mississippi.[4] In determining whether the long-arm statute allowed Mississippi courts to assert jurisdiction over the defendant, the Mississippi Supreme Court explained that it first had to answer "whether a foreign corporation who has qualified to do business in this state is a resident within the meaning of [the long-arm statute] so that such party may bring a

---

[2] Miss. Code Ann. § 13-3-57 (2002) (emphasis added).

[3] 211 So. 2d 813 (Miss. 1968).

[4] *Id.* at 813-14.

4

suit under" its terms.[5]  In resolving this issue it found important that Mississippi law "provides that a foreign corporation qualified to do business in this state shall, until qualification is revoked or withdrawn as provided in the Act, enjoy the same, but no greater, rights and privileges as a domestic corporation."[6]  It reasoned from this that "a foreign corporation qualified to do business under the corporate laws of this state should have the same privileges and advantages of invoking the aid of the courts of this state under [the long-arm statute] as resident corporations if they are to have equal protection of the laws."[7]  Applying these principles the *Doster* court held that "the nonresident plaintiffs in the present case are residents within the meaning of" the long-arm statute.[8]

Concluding that the borrowing statute's reference to "resident" was so clear in a single meaning that no other would be permitted, the district court disavowed reliance on Mississippi case law, including *Doster*, to interpret the term.[9]  Applying *de*

---

[5] *Id.* at 814.

[6] *Id.* (citing Miss. Code Ann. § 5309-222 (1942 & Supp. 1966), *recodified as* Miss. Code Ann. § 79-4-15.05(b) (2002)).

[7] *Id.*

[8] *Id.*

[9] *See Coatings Mfrs., Inc. v. DPI, Inc.*, 926 F.2d 474, 476 (5th Cir. 1991) ("Because the Mississippi [Supreme Court] has not resolved the question ..., we examine the language of the statute, and if unclear, other Mississippi statutes and case law to

5

*novo* review, we find that the term "resident" is unclear.[10]   In

concluding that the term "resident" is ambiguous we are influenced

by the fact that in *Doster* the state's highest court held, in the

context of the long-arm statute, that "resident" had a meaning

different from that declared by the district court in this case,

one that includes foreign corporations doing business within the

state.   Informed by the Mississippi Supreme Court's effort in

*Doster* to avoid unequal treatment between residents and

nonresidents who do business in the state, we conclude that that

court would consider the appellants to be residents for purposes of

the borrowing statute.   Therefore we REVERSE the district court's

---

determine how the Mississippi Supreme Court likely would interpret
the statutory language were the question presented to it.").

[10] The district court restricted the term "resident" to
corporations that are either incorporated or have their principle
place of business in the state.  Of course, these characteristics
define a corporate "citizen" of a state for purposes of federal
diversity jurisdiction, *see* 28 U.S.C. § 1332(c)(1), but that does
not necessitate courts' circumscription of "resident" to include
only corporations bearing those characteristics.  *See, e.g.*,
Black's Law Dictionary 1473 (4th ed. 1968) (defining "residence" as
"bodily presence as an inhabitant of a place" and stating that "a
person may have two places of residence").
    We  further note that although Mississippi's rules of
statutory construction hold that a court should not look to outside
sources if the statutory language is unambiguous, as federal courts
sitting in diversity *Erie* necessitates that our decision on whether
a statutory term is unambiguous be informed by the state courts'
own conclusion as to the ambiguity of the term.  Here the district
court's conclusion that "resident" was unambiguous ran contrary to
the Mississippi Supreme Court's implicit determination in *Doster*
that, as used in a closely related statutory provision, the term
"resident" was ambiguous and required reference to outside sources
for interpretation.

grant of summary judgment in favor of Paw Paw's Camper City and REMAND for further proceedings consistent with this opinion.

REVERSED and REMANDED.