United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 13, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-60611

MARIBEL DELGADO, as personal representative of the estate of Ruben
Delgado, M.D., for the benefit of the estate of Ruben Delgado,
M.D.; Maribel Delgado, individually, and on behalf of plaintiffs
Ruben Delgado, III and Gabriel Delgado, surviving minor heirs of
Ruben Delgado, Deceased,

Plaintiff-Appellant,

VERSUS

REEF RESORT LIMITED, a corporation, doing business as Ramon's
Village Resort; HEADRICK COMPANIES INC; JOHN DOES, doing business
as Ramon's Village Resort,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi

Before DAVIS, BARKSDALE and PRADO, Circuit Judges,

W. EUGENE DAVIS, Circuit Judge:

Plaintiff Maribel Delgado ("Delgado") challenges the district
court's order dismissing her tort suit against Reef Resort Limited
("Reef") for lack of personal jurisdiction. We affirm the district
court's dismissal.

I.

Dr. Reuben Delgado ("Dr. Delgado") never surfaced during a recreational scuba diving trip off the coast of Belize in August 2001. He is presumed dead. The scuba trip was organized by Ramon's Village Resort, which is operated by defendant Reef Resort Ltd. ("Reef") and the Headrick Companies, Inc. ("Headrick"). Headrick is a resident of Mississippi. Reef is a resident of Belize but allegedly does business in Mississippi.

Maribel Delgado ("Delgado"), Dr. Delgado's wife and a Florida resident, brought suit in Mississippi state court on behalf of herself, her two children, and Dr. Delgado's estate for the negligence of Reef during the scuba expedition. Reef removed the case to federal court. Defendants Reef and Headrick then moved to dismiss for lack of personal jurisdiction. The court denied Headrick's motion on grounds that jurisdiction over Headrick exists under the Mississippi long arm statute because Headrick is a corporate citizen of Mississippi. Reef, a Belize company, argued that the Mississippi long-arm statute does not permit non-resident suits against non-resident corporations merely doing business in Mississippi and further that personal jurisdiction under Fed. R. Civ. P. 4(k)(2) is not appropriate since the case does not arise under the court's admiralty jurisdiction. The district court agreed and dismissed the case against Reef for lack of jurisdiction. Delgado now challenges that ruling.

II.

2

We review *de novo* dismissal for lack of personal jurisdiction under Rule 12(b)(2). *See Jobe v. ATR Marketing, Inc.*, 87 F.3d 751, 753 (5th Cir. 1996).

Federal courts sitting in diversity may exercise personal jurisdiction over a non-resident where the state long-arm statute grants jurisdiction and the exercise of jurisdiction is consistent with federal due process. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). The question raised in this case is whether the Mississippi long-arm statute confers jurisdiction over Reef.

The Mississippi long-arm statute provides in relevant part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code § 13-3-57.

This court has, on numerous occasions, interpreted the Mississippi statute to mean that non-residents may not sue non-resident corporations doing business in Mississippi. *See, e.g., Submersible Sys., Inc. v. Perforadora Central, S.A.*, 249 F.3d 413, 418 (5th Cir. 2001); *Herrley v. Volkswagen of America, Inc.*, 957 F.2d 216, 216 (5th Cir. 1992) (per curiam). No intervening change in state statute or case law has occurred that would allow

3

us to abandon the existing circuit precedent. Therefore, based on binding precedent from this court the Mississippi long-arm statute does not permit Delgado, a resident of Florida, to bring suit against Reef, a resident of Belize, despite the fact that Reef does business in Mississippi.

Delgado argues that this court's precedent interpreting the Mississippi long-arm statute violates the Privileges and Immunities Clause of Article IV of the United States Constitution. Once again we are bound by Fifth Circuit precedent on this issue. In *Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d 716 (5th Cir. 1978), the court pointedly held that, "the 'doing business' provision of the Mississippi long-arm statute may not be invoked by a nonresident plaintiff and that the statute, so construed, does not deny a nonresident plaintiff privileges and immunities secured under the Constitution." *Id.* at 721.

Delgado argues that the *Breeland* precedent has been abrogated by intervening Supreme Court caselaw, namely *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274 (1985). *Piper*, however, did not purport to change the Privileges and Immunities law the court established in *Breeland*. Rather, the Supreme Court in *Piper* merely applied long existing law to unique facts that have little or no relationship to the case at bar. We are, therefore, bound by the *Breeland* precedent which holds that the Mississippi long-arm statute does not violate the Privileges and Immunities Clause.

4

We therefore agree with the district court that the Mississippi long-arm statute does not confer jurisdiction over Reef.

III.

Delgado also seeks to invoke jurisdiction under Fed. R. Civ. P. 4(k)(2) based on admiralty jurisdiction.

Rule 4(k)(2) provides service of process and personal jurisdiction in any district court for cases arising under federal law where the defendant has minimum contacts with the United States as a whole sufficient to satisfy due process concerns and the defendant is not subject to jurisdiction in any particular state:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service is also effective, with respect to claims arising under federal law, to establish personal jurisdiction over the person of any defendant who is not subject to the jurisdiction of the courts of general jurisdiction of any state.

Fed. R. Civ. P. 4(k)(2). This court has held that Rule 4(k)(2) applies to cases sounding in admiralty since admiralty suits arise under federal law. *World Tanker Carriers Corp. v. MV Ya Mawlaya*, 99 F.3d 717, 723 (5th Cir. 1996).

Delgado argues that Dr. Delgado's death resulted from a maritime tort and thus gives rise to admiralty jurisdiction. In support of her position she asserts that 1) Dr. Delgado was transported to the dive site by vessel, 2) improper preparations were made for the dive, many of which would or should have occurred

5

on the vessel on the way to the dive, 3) the negligence of the dive crew caused disruption of maritime commerce because it generated numerous distress calls, and 4) at the time of Dr. Delgado's death he was being supervised by members of the vessel's crew. The district court rejected Delgado's attempted invocation of admiralty jurisdiction finding no connection to maritime commerce or traditional maritime activity.

We agree with the district court that the scuba accident in this case did not result from a maritime tort. In order for an accident to be a maritime tort so as to trigger admiralty jurisdiction, the mishap must occur on navigable waters, the accident must affect maritime commerce, and the activities leading to the tort must be connected to traditional maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). The activity surrounding the recreational scuba diving activity in this case did not affect maritime commerce, and these activities are not connected with traditional maritime activity. Therefore, the district court correctly concluded that Dr. Delgado's death did not result from a maritime tort and that admiralty jurisdiction does not attach on that basis.

Recognizing that admiralty jurisdiction might nevertheless attach to Delgado's Death on the High Seas Act claim, 46 App. U.S.C. § 761 et seq. ("DOHSA"), we requested and received briefing on the issue of whether DOHSA conferred federal admiralty

jurisdiction in this case allowing the application of Rule 4(k)(2).
Although Delgado made the general argument that this case came
within the court's admiralty jurisdiction, she did not make the
specific argument to the district court that DOHSA could serve as
a basis for federal admiralty jurisdiction.  Delgado's failure to
make this argument to the district court constitutes a forfeiture
of the argument and we are left to review the issue for plain error
only.  *See Crawford v. Falcon Drilling Co., Inc.*, 131 F.3d 1120,
1123 (5th Cir. 1997)

Under plain error review we reverse only where there is "error
that is plain and that affects substantial rights."  *United States
v. Olano*, 507 U.S. 725, 732 (1993).  Moreover, reversal is in the
sound discretion of the appellate court and "the court should not
exercise that discretion unless the error seriously affects the
fairness, integrity or public reputation of judicial proceedings."
*Id.*

While DOHSA plainly provides admiralty jurisdiction in this
case,[1] and the failure to sustain jurisidiction based on DOHSA
affected Delgado's substantial rights, the error does not seriously
impact the fairness, integrity, or public reputation of the
judicial proceeding.  We therefore decline to exercise our

---

[1] *See Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 218 (1986)
("[A]dmiralty jurisdiction is expressly provided under DOHSA [where] the
accidental death[] occur[s] beyond a marine league from [the] shore [of the
United States].");  *Jacobs v. N. King Shipping Co., Ltd.*, 180 F.3d 713, 717-18
(5th Cir. 1999) ("DOHSA created a remedy in admiralty for deaths occurring more
than three miles from shore as a result of wrongful act, neglect, or default.").

discretion to reverse the district court's ruling.

IV.

For the reasons stated above we affirm the district court's order dismissing the claims against Reef for lack of personal jurisdiction.

AFFIRMED.