United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 5, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-61001
Summary Calendar

GEORGE VAHLE; CURT BEAN TRANSPORT COMPANY INC,

Plaintiffs-Appellants,

v.

RAY WILLIAMS; RAY WILLIAMS, doing business as Ray's
Trucking; DEEP SOUTH FREIGHT

Defendants-Appellees.

Appeal from the United States District Court for the
Southern District of Mississippi, Jackson
3:06-CV-188

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants George Vahle and Curt Bean Transport
Company, Inc. ("Curt Bean Transport") appeal the district court's
dismissal of their claim against defendants-appellees Ray Williams
and Deep South Freight ("Deep South"). This case turns on the
definition of "resident" for purposes of Mississippi's borrowing
statute, Miss. Code Ann. § 15-1-65, and we AFFIRM.

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

In April, 2003, the parties to this lawsuit were involved in a vehicular accident. The accident occurred in Louisiana, but none of the parties haled from that state. Nearly three years after the accident, Vahle, a resident of Missouri, and Curt Bean Transport, an Arkansas corporation, filed this action against Williams, a Mississippi resident, and Deep South, an Alabama company, in the Southern District of Mississippi. The defendants moved to dismiss, arguing that under Mississippi's borrowing statute, Louisiana's one-year prescription period barred the action. The district court agreed and dismissed the case. We review a district court's grant of a motion to dismiss de novo, applying the same standard as the district court. *See Frank v. Delta Airlines, Inc.*, 314 F.3d 195, 197 (5th Cir. 2002).

Mississippi's borrowing statute provides that:

> [w]hen a cause of action has accrued outside of this state, and by the laws of the place outside this state where such case of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state; provided, that where such a cause of action has accrued in favor of a resident of this state, this state's law on the period of limitations shall apply.

Miss. Code Ann. § 15-1-65. The appellants concede that under Louisiana law, their claims would be barred by the one-year prescription period. *See* La. Rev. Code Art. 3492. Moreover, they concede that Vahle is a Missouri resident, and Curt Bean Transport an Arkansas corporation. Their lone contention, therefore, is that because they have conducted significant business in Mississippi,

2

they should be considered residents of Mississippi for purpose of the borrowing statute, and that Mississippi's more generous three-year statute of limitations should govern their claims. As explained below, this is not accurate.

The appellants rely heavily on *St. Paul Fire & Marine Ins. Co. v. Paw Paw's Camper City, Inc.*, in which we held that a non-resident corporation "qualified to do business" in Mississippi is a resident for purposes of the borrowing statute and enjoys "the same . . . rights and privileges as a domestic corporation." 346 F.3d 153, 156 (5th Cir. 2003)(citing *C.H. Leavell & Co. v. Doster*, 211 So. 2d 813 (Miss. 1968)). Nowhere in *St. Paul Fire* did we hold that *any* plaintiff that simply *does business* in Mississippi qualifies as a "resident" for purposes of the borrowing statute. Curt Bean Transport possesses neither a license nor a valid certificate of authority to do business in Mississippi, and is therefore not "qualified to do business" in the state. It has avoided the burdens that accompany being a resident, and cannot now reap the benefits. Furthermore, Vahle is a person, not a corporation, and falls outside even the broadest reading of *St. Paul Fire*, which only interpreted the borrowing statute as it related to a corporation.

The plaintiffs also raise a Fourteenth Amendment challenge to the borrowing statute for the first time on appeal. We do not review claims raised for the first time on appeal. *See Stewart*

3

*Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000).

As the district court held, the plaintiffs' claims are not governed by Mississippi's three-year statute of limitations, but rather Louisiana's one-year prescription period. Their claims are accordingly time-barred.

For the foregoing reasons, we AFFIRM the district court.