IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-60806

DALE CARTER, INC, doing business as CARTER APPRAISAL SERVICES

Plaintiff-Appellant

v.

SPECIALTY CLAIM SERVICES INC; SPECIALTY GROUP INC

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-394

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dale Carter, Inc., is incorporated in Arkansas and has its principal place of business in Little Rock. It has a certificate of compliance issued by the Mississippi Commissioner of Insurance stating that Carter "is authorized to transact the business of adjusting company" in Mississippi. During the relevant time period, it also had a license issued by the Mississippi Insurance Department permitting Carter to "engage in the business of insurance in the State of Mississippi."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specialty Claims Services ("Specialty"), a Florida corporation, contracted with a Mississippi windstorm underwriter's claim administrator to help the underwriter handle property claims after Hurricane Katrina. Specialty then contracted with Carter for assistance with claim adjusting and independent estimates. Carter filed a breach of contract claim in federal district court in Mississippi. The district court granted Specialty and Specialty Group's motion to dismiss for lack of personal jurisdiction and denied Cater's motion to amend judgment or, alternatively, for relief from judgment. Carter appealed. The sole issue on appeal is whether Carter counts as a "resident" under Mississippi's long-arm statute.

"We review de novo a district court's grant of a motion to dismiss for lack of personal jurisdiction."[1] Carter argues that because it had a certificate of compliance and license issued by the Mississippi Commissioner of Insurance, it is a "resident" as defined by Mississippi's long-arm statute. Specialty argues that Carter's failure to obtain a certificate of authority from the Mississippi Secretary of State makes Carter a non-resident.

Mississippi's long-arm statute provides,

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and

---

[1] Guidry v. U.S. Tobacco Co., Inc., 188 F.3d 619, 625 (5th Cir. 1999) (citing Latshaw v. Johnston, 167 F.3d 208, 210-11 (5th Cir. 1999)).

process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.[2]

As the text indicates, the long-arm statute consists of three independent provisions: the contract, torts, and "doing business" prongs. The first and third provisions apply here, as Carter did not file a tort claim. We have held that non-residents contracting with or doing business with a non-resident cannot take advantage of either the first or the third provisions of the long-arm statute.[3] Specialty is a non-resident, so Carter must be a resident for long-arm jurisdiction to apply.[4] Specialty argues that to be a resident as defined by the statute and to invoke jurisdiction under the statute, Carter must be qualified to

---

[2] MISS. CODE ANN. § 13-3-57.

[3] On its face, the language of the contract prong requires a non-resident to enter a contract with a resident for the statute to apply. The "doing business" prong is not as clear, but we have interpreted it similarly. See Smith v. Dewalt Prods. Corp., 743 F.2d 277, 279 (5th Cir. 1984) (under the "doing business" prong of Mississippi's long-arm statute, "although the statute on its face does not preclude its use by non-resident plaintiffs, federal courts interpreting Mississippi law have consistently held that a non-resident plaintiff cannot use its provisions to obtain in personam jurisdiction over a non-resident defendant"). Since Smith, the Mississippi legislature has amended the long-arm statute and deleted the "nexus text" that was part of the statute when we decided Smith. The Mississippi courts, although recognizing that the statute has changed since Smith, have not questioned its holding. See S. P. Transp. Co. v. Fox, 609 So.2d 357, 360 (Miss. 1992) (discussing how all of the cases "who looked at the point" have continued the nexus rule and citing Smith, then observing, "All of this has now changed. Effective July 1, 1991, the legislature amended Section 13-3-57 and repealed the nexus test." The court goes on to find, "Southern Pacific claims as well a non-resident plaintiff may not pursue 'doing business' non-resident defendants under the statute's third prong. See Smith v. DeWa;t Products Corp., 743 F.2d 277, 279 (5th Cir.1984) . . . . In view of the disposition we make of the nexus/incident thereto issue, we need not address the point" (emphasis added)). We have held, "Our review of Mississippi Supreme Court decisions since Smith reveals nothing that calls into question the correctness of our holding in Smith." Herrley v. Volkswagen of Am., Inc., 957 F.2d 216, 219 (5th Cir. 1992).

[4] Delgado v. Reef Resort Ltd., 364 F.3d 642, 644-45 (5th Cir. 2004) ("This court has, on numerous occasions, interpreted the Mississippi statute to mean that non-residents may not sue non-resident corporations doing business in Mississippi. . . . based on binding precedent from this court the Mississippi long-arm statute does not permit Delgado, a resident of Florida, to bring suit against Reef, a resident of Belize, despite the fact that Reef does business in Mississippi."). Carter does not argue that Specialty committed a tort against Carter.

3

do business in Mississippi, and that to be qualified Carter must have a certificate of authority from the Mississippi Secretary of State.[5] Section 79-4-15.01 of the Mississippi Code provides, "A foreign corporation may not transact business in this state until it obtains a certificate of authority from the Secretary of State."[6]

Carter argues that authorization to conduct business by obtaining a license and certificate of compliance is adequate to establish residency of a business under the long-arm statute. In support of this argument, it points to two other statutes under which licensure qualifies a corporation to do business in Mississippi. In Northfield Insurance Co. v. Odom Industries, Inc., a federal district court addressed Mississippi's "door closing" statute that provides,

> "A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority."[7]

The defendant arguing against jurisdiction in Northfield urged that

> because . . . [plaintiff] is transacting business in Mississippi but is not a Mississippi corporation and does not possess a certificate of authority from the Secretary of State of Mississippi, then . . . [plaintiff] is precluded from bringing this action against . . . [defendant] in any court in this state.[8]

The court held the statute inapplicable to foreign insurers because

---

[5] See St. Paul Fire & Marine Ins. Co. v. Paw Paw's Camper City, Inc., 346 F.3d 153, 156 (5th Cir. 2003) (citing C.H. Leavell & Co. v. Doster, 211 So.2d 813-14 (Miss.1968)) (describing the Mississippi Supreme Court's test for whether foreign corporations may file suit against nonresident defendants in Mississippi under the long-arm statute. The test in Doster asked whether the corporation is a resident as defined by the long-arm statute and, to answer this question, asked whether the foreign corporation was qualified to do business in the state).

[6] MISS. CODE ANN. § 79-4-15.01(a).

[7] 119 F.Supp.2d 631, 632 (S.D. Miss. 2000) (quoting MISS.CODE.ANN. § 79-4-15.02).

[8] Id. at 632.

the qualification and licensing of insurers in . . . [Mississippi] is regulated by and through the Mississippi Department of Insurance, not the office of the Secretary of State . . . and . . . [plaintiff], though not licensed by the Insurance Commissioner to conduct business generally, has been specifically authorized by the Insurance Commissioner to sell insurance in Mississippi on a nonadmitted basis.

In Northfield, the insurance company did not possess a license from the Commissioner of Insurance but did have authorization from the Commissioner, and the court held,

Especially given that . . . [plaintiff, the insurance company] has been statutorily authorized to transact business in this state through specially licensed agents in defined circumstances, the court concludes that the door closing statute applicable to corporations generally, does not apply to . . . [plaintiff].[9]

In Paw Paw's Camper City, we addressed Mississippi's "borrowing statute," which provided,

"When a cause of action has accrued outside of this state, and by the laws of the place outside this state where such cause of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state; provided, however, that where such a cause of action has accrued in favor of a resident of this state, this state's law on the period of limitation shall apply."[10]

Interpreting the statute, we found that "[l]ike the borrowing statute, the long-arm statute distinguishes between residents and nonresidents"[11] and held that the correct question in determining whether a corporation was a resident of Mississippi under the borrowing statute was "whether a foreign corporation,

---

[9] Id. at 633.

[10] 346 F.3d at 155 (quoting MISS. CODE ANN. § 15-1-65 (2002)).

[11] Id.

with a valid certificate of authority or license to do business in Mississippi, [is] a resident of Mississippi for the purpose of the borrowing statute."[12]

In another case, Herrley v. Volkswagen of America, Inc., however, the district court held that licensure does not count as "qualification" under Mississippi's long-arm statute, and we affirmed Herrley's holding.[13] As Herrley addresses licensing under the long-arm statute, it is similar to the present case and informs our holding. In Herrley, non-resident plaintiffs who were injured in Florida attempted to sue Volkswagen in Mississippi, arguing that Volkswagen was a resident corporation in Mississippi.[14] The district court held,

> The Plaintiffs argue . . . that by seeking and obtaining a license from the Mississippi Motor Vehicle Commission, that Volkswagen of America, Inc. has "qualified" to do business in Mississippi. Nothing in the Mississippi Motor Vehicle Commission Act, Miss. Code Ann. §§ 63-17-51, et seq. indicates any legislative intent to allow licensure under this Act to suffice for the qualification required by Section 79-3-211. The Mississippi Motor Vehicle Commission Act does not provide for the appointment of an agent for service of process. It simply provides a licensing mechanism for automobile manufacturers, dealers, agents and representatives. Had the Mississippi Legislature intended licensing under this Act to serve the same function as qualification under Section 79-3-211, undoubtedly they would have said so.[15]

Just as Volkswagen had a license to do business in Mississippi but had not obtained a certificate of authority from the Secretary of State or certified an agent for process, Carter only has a license and a certificate of compliance. Carter has not pointed us to any laws or regulations indicating that licensing

---

[12] Id. (quotations omitted) (emphasis added).

[13] 598 F.Supp. 690, 691 (S.D. Miss. 1984), aff'd, Herrley, 957 F.2d at 219.

[14] Id. at 694.

[15] Id.

and compliance with Mississippi's insurance requirements requires appointment of an agent.  Under Herrley, Carter is not a "resident" as defined by the long-arm statute.

AFFIRMED.