# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60010

USSC GROUP INC, a Pennsylvania corporation

Plaintiff - Appellant

v.

KIMBALL INC, a Delaware corporation; KIMBALL
INTERNATIONAL, a Delaware corporation

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:07-CV-30

Before HIGGINBOTHAM, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

This appeal involves the district court's dismissal for lack of personal jurisdiction. Because we find no reversible error, we affirm.

## I. Background

USSC Group, Inc. ("USSC") is engaged in the business of manufacturing and selling seats used in mass transit vehicles. As part of its operations, USSC sometimes purchased components from Batesville American Manufacturing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Company ("Batesville"), which was located in Batesville, Mississippi, located in the northern judicial district of Mississippi. In 1991, Kimball, Inc. became the owner of Batesville through a merger. Kimball, Inc. is a wholly owned subsidiary of Kimball International.

USSC is incorporated and has its principal place of business in Pennsylvania. Both Kimball, Inc. and Kimball International (collectively "Kimball") are Delaware corporations with their principal places of business in Indiana. Kimball was registered and qualified to do business in Mississippi at the time USSC purchased the components at issue in this dispute. In 2002, Kimball withdrew from transacting business in Mississippi.

This action arose from an order by USSC to Kimball, Inc. in 2001 for a number of seat frames that were allegedly defective. The seats were installed in New Jersey Transit rail cars. In 2005, New Jersey Transit declared a "fleet failure" on the seating and demanded a redesign and fleet-wide replacement of the seats. USSC sought contribution from Kimball International for the cost of fixing the seat mechanism defect. In February 2007, after Kimball International refused to contribute to the costs, USSC brought suit in the district court for the Northern District of Mississippi against Kimball. USSC effected service of process on the Mississippi Secretary of State.

Kimball moved to dismiss the complaint (1) based on lack of personal jurisdiction over either defendant and (2) for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The district court granted Kimball's motion to dismiss for lack of personal jurisdiction. The district court stated that in diversity actions, it "may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." The district court relied on Mississippi's long-arm statute, which provides in pertinent part as follows:

> Any nonresident person . . . or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, . . . who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE ANN. § 13-3-57.  The court added, however, that "a nonresident of Mississippi cannot take advantage of either the contract or the 'doing business' prong of the Mississippi long-arm statute."

The district court rejected USSC's argument that personal jurisdiction is conferred pursuant to Mississippi Code § 79-4-15.20 if a non-resident corporation that was once registered as doing business in Mississippi withdraws and the lawsuit in question concerns actions occurring during the period the non-resident corporation was doing business in Mississippi.  Section 79-4-15.20 provides in part as follows:

> (b) A foreign corporation authorized to transact business in this state may apply for a certificate of withdrawal by delivering an application to the Secretary of State for filing. The application must set forth:
>
> . . . .
>
> (3) That it revokes the authority of its registered agent to accept service on its behalf and appoints the Secretary of State as its agent for service of process in any proceeding based on a cause of action arising during the time it was authorized to transact business in this state;
>
> . . . .
>
> (c)  After the withdrawal of the corporation is effective, service of process on the Secretary of State under this section is service on the foreign corporation. Upon receipt of process, the Secretary of State shall mail a copy of the process to the foreign corporation at the mailing address set forth in its application for withdrawal.

MISS. CODE ANN. § 79-4-15.20(b)(3) & (c).  The court stated that there was no binding precedent demonstrating that this section alters Fifth Circuit

jurisprudence regarding the "doing business" prong of Mississippi's long arm statute, and that it was unable to find any cases addressing the section.

II.    Discussion

We review a district court's dismissal for lack of personal jurisdiction de novo.  Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 311 (5th Cir. 2007) (citing Central Freight Lines Inc. v. APA Transport Corp., 322 F.3d 376, 380 (5th Cir. 2003)).  The plaintiff bears the burden of demonstrating the district court's personal jurisdiction over defendants.  Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008). A "federal court sitting in diversity may assert jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the [F]ourteenth [A]mendment to the United States Constitution."  Id. (quoting Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 616 (5th Cir.1989)).

Here, USSC is a non-resident plaintiff, and the Kimball companies are non-resident defendants.  Therefore, USSC may not avail itself of § 13-3-57  to obtain personal jurisdiction over Kimball.  See Delgado v. Reef Resort Ltd., 364 F.3d 642, 644 (5th Cir. 2004) ("This court has, on numerous occasions, interpreted [Mississippi Code § 13-3-57] to mean that non-residents may not sue non-resident corporations doing business in Mississippi.") (citations omitted); Submersible Sys., Inc. v. Perforadora Cent., S.A., 249 F.3d 413, 418 (5th Cir. 2001).

Next, USSC argues that the district court abdicated its judicial role by failing to determine how Mississippi courts would interpret the withdrawal statute.  A federal court sitting in diversity cases should decide to the best of its ability what the state court would hold if the case was before it.  Dawkins v. White Prods. Corp., 443 F.2d 589, 591 (5th Cir. 1971).  We have reviewed the briefs on appeal and the pertinent portions of the record and heard the

arguments of counsel. Even though the district court did not address the withdrawal statute, we are not persuaded that reversal is warranted in this case.

III. Conclusion

Because we find no reversible error, the judgment is AFFIRMED.