# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 18, 2009

No. 08-20706
Summary Calendar

Charles R. Fulbruge III
Clerk

CARDINAL HEALTH SOLUTIONS INC

Plaintiff-Appellant

v.

ST JOSEPH HOSPITAL OF PORT CHARLOTTE FLORIDA INC, doing business as Bon Secours St Joseph; BON SECOURS HEALTH SYSTEM INC

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2065

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Cardinal Health Solutions, Inc. appeals from the district court's dismissal of its claims for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2). Reviewing the district court's dismissal *de novo*, *Delgado v. Reef Resort Ltd*, 364 F.3d 642, 644 (5th Cir. 2004), we AFFIRM. Cardinal Health asserts that specific jurisdiction existed because (1) the defendant hospital negotiated and agreed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a contract with a Texas corporation; (2) the hospital knew that Cardinal was a Texas citizen; (3) the contract created long-term obligations and required Cardinal to at least partially perform in Texas; and (4) the hospital breached its obligation to pay invoices that were generated in Texas.

Merely contracting with a resident of Texas is insufficient to establish the minimum contacts necessary for personal jurisdiction. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). Furthermore, "[a]n exchange of communications in the course of developing and carrying out a contract also does not, by itself, constitute the required purposeful availment of the benefits and protections of Texas law." *Id*. The Pharmacy Agreement at issue here called for Cardinal Health to provide pharmacy services at the hospital in Florida and to maintain an on-site presence. This was the focus of the agreement, and Florida was clearly the hub of the contract and the parties' activities. The hospital met with the plaintiff's representatives and executed the agreement in Florida, and it directed subsequent questions to Cardinal Health's employees in Florida. Florida is also named in a choice-of-law provision. Cardinal Health's communication with the hospital from Texas during negotiations, and its provision of some corporate support services and billing from Texas, are merely fortuitous and attenuated facts that do not show that the hospital purposefully directed its actions toward Texas. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84 (1985). "[A] plaintiff's unilateral activities in Texas do not constitute minimum contacts where the defendant did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas." *Moncrief Oil*, 481 F.3d at 312.

AFFIRMED.