# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 3, 2013

Lyle W. Cayce
Clerk

No. 12-41201

LLOYD WARD; LLOYD WARD & ASSOCIATES, P.C.,

> Plaintiffs - Appellants

v.

STEPHEN JEFFREY RHODE, doing business as Myvesta.org, Incorporated, doing business as Myvesto.org, Incorporated, doing business as Myvestr.org, doing business as Myvesta.org.uk, doing business as Getoutofdebt.org, Incorporated, doing business as Getoutofdebt.org; PAMELA S. RHODE, doing business as Myvesta.org, Incorporated, doing business as Myvesto.org, Incorporated, doing business as Myvestr.org, doing business as Myvesta.org.uk, doing business as Getoutofdebt.org, Incorporated, doing business as Getoutofdebt.org; MYVESTA FOUNDATION,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:11-CV-531

Before JONES and CLEMENT, Circuit Judges, and KAZEN[*], District Judge.

PER CURIAM:[**]

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41201

The district court, adopting the magistrate judge's report, dismissed this diversity case for lack of personal jurisdiction. We AFFIRM.

## FACTS AND PROCEEDINGS

Plaintiffs Lloyd Ward and Lloyd Ward & Associates, P.C. (collectively, "Ward") asserted federal diversity jurisdiction in their suit against Stephen Jeffery Rhode and Pamela S. Rhode for state law claims of disparagement, tortious interference, libel, slander, and negligence in the Eastern District of Texas. These claims stem from the Rhodes's website, which the Rhodes characterize as a blog that assists consumers trying to get out of debt. Ward, which provides legal representation concerning compliance and creditors' collection efforts, alleges that the Rhodes posted a "Scam Alert" on their site that urges potential clients not to use Ward's services. The Scam Alert allegedly contains false statements about Ward in order to support this advice.

In response to Ward's complaint, the Rhodes filed a motion to dismiss for lack of personal jurisdiction. The district court referred the case to a magistrate judge, who made findings and issued a written report recommending that the motion be granted. Her report included notice to the parties that they had fourteen days to file written objections to the findings and recommendations it contained. It concluded with the warning that failure to file such objections would bar a party from *de novo* review by the district court of those findings and conclusions and limit to plain error the party's grounds for challenging on appeal the unobjected-to proposed factual findings and legal conclusions adopted by the district court.

Ward did not file written objections. The district court expressly adopted the findings and conclusions of the magistrate judge and dismissed the case. Ward now appeals.

## STANDARD OF REVIEW

No. 12-41201

Because Ward did not file written objections to the magistrate's report, we review the district court's adoption of the report's findings of facts and conclusions of law for plain error.[1] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). Under plain error review, this court reverses "only where there is 'error that is plain and that affects substantial rights.'" *Delgado v. Reef Resort Ltd.*, 364 F.3d 642, 646 (5th Cir. 2004) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). Such "reversal is in the sound discretion of the appellate court and 'the court should not exercise that discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Olano*, 507 U.S. at 732). Plain error thus must meet four requirements; it must be "(1) an error; (2) that is clear or plain; (3) that affects the [party]'s substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000); *see Douglass*, 79 F.3d at 1424 ("[O]ur court has applied the plain error standard of FED. R. CRIM. P. 52(b) in civil cases."). "Plain" is defined as "clear" or "obvious" under current law. *Crawford v. Falcon Drilling Co.*, 131 F.3d 1120, 1125 (5th Cir. 1997); *see Brown v. Bryan Cnty.*, 219 F.3d 450, 466 (5th Cir. 2000) ("'[C]lear' means 'the error is clear under current law.'" (quoting *Olano*, 507 U.S. at 734)). "'[A]ffects substantial rights' means that 'the error must have been prejudicial.'" *Brown*, 219 F.3d at 466 (quoting *Olano*, 507 U.S. at 734).

## DISCUSSION

The district court did not plainly err. Ward contends that the Rhodes are subject to both general and specific jurisdiction in Texas, although they are not

---

[1] Ward did not cite the correct standard of review in its opening brief. The Rhodes specified the correct standard in their brief, and Ward has not responded with an argument either that plain error review should not apply or that the district court's error was plain.

3

residents of the state.  In support of its claim of general jurisdiction, it points to evidence that the Rhodes had Texas drivers' licenses in 2008, various of the Rhodes's corporate entities have a mailing address in Houston, and the Rhodes's website's servers are located in San Antonio.  These contacts are insufficient to meet the "continuous and systematic" standard required for a court to exercise general jurisdiction.  *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 230 (5th Cir. 2012) ("In *International Shoe*, the Supreme Court explained that 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity . . . the continuous corporate operations within a state [must be] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'  Lexware had only sporadic and attenuated contacts with the state of Texas." (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 318 (1945) (alterations in original))).  It was not clear or obvious error for the district court to decide that it could not exercise general personal jurisdiction over the Rhodes.

"Where contacts are less pervasive, the court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum."  *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (quotation marks and citation omitted); *see also Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006) ("A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.").  This court uses a three-step analysis for specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action

arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quotation marks and citation omitted).

The court classifies the purposeful direction of a contact arising out of internet use along a spectrum:

> At the one end of the spectrum, there are situations where a defendant clearly does business over the Internet by entering into contracts with residents of other states which involve the knowing and repeated transmission of computer files over the Internet. In this situation, personal jurisdiction is proper. At the other end of the spectrum, there are situations where a defendant merely establishes a passive website that does nothing more than advertise on the Internet. With passive websites, personal jurisdiction is not appropriate. In the middle of the spectrum, there are situations where a defendant has a website that allows a user to exchange information with a host computer. In this middle ground, the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Website.

*Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quotation marks, alterations, and citations omitted). The Rhodes's website is interactive to the extent that it allows users to post their opinions about the debt-counseling services that they have used. However, it neither allows users to purchase products online, nor sells subscriptions to view its content. Therefore, the nature of the exchange of information is not commercial. While it is plain that, as the magistrate judge recognized, the Rhodes's website falls within the "middle ground" of the spectrum, it is not clear or obvious that the website's level of interactivity with Texans and the commercial nature of these exchanges are sufficient for the district court to exercise jurisdiction.

No. 12-41201

Furthermore, a "plaintiff seeking to assert specific personal jurisdiction over a defendant in a defamation case [must] show (1) the subject matter of and (2) the sources relied upon for the article were in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010) (quotation marks and citation omitted). Ward has not presented evidence that the sources relied upon for the Scam Alert were in Texas. The district court, therefore, did not obviously err in concluding that it did not have specific personal jurisdiction over the Rhodes.

Finally, we have held that a plain error in failing to find personal jurisdiction affects the plaintiff's substantial rights (satisfying the third prong of the test) but "does not seriously impact the fairness, integrity, or public reputation of the judicial proceeding." *Delgado*, 364 F.3d at 646. Thus, the fourth prong of the plain error test also is not satisfied.

## CONCLUSION

We AFFIRM the district court's dismissal for lack of personal jurisdiction.